UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSEPH BARNARD HINES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-120 |
| | § | |
| CASTILLO, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER DENYING WITHOUT PREJUDICE MOTION FOR LEAVE TO FILE A THIRD SUPPLEMENTAL COMPLAINT

Pending is Plaintiff's motion for leave to file a third supplemental complaint (D.E. 27). Plaintiff has already filed two supplemental complaints (D.E. 21, 22). Leave to amend should be freely granted when justice requires, FED. R. CIV. P. 15(a)(2), but not if amendment would be futile. *Whitley v. Hanna,* ___ F.3d ___, 2013 WL 4029134, No. 12-10312 (5th Cir. Aug. 8, 2013) (slip op.); *Newby v. Enron Corp.,* 542 F.3d 463, 469 (5th Cir. 2008). Plaintiff's amendments would be futile.

First, he proposes to add claims of failure to train and supervise against Wardens Currie, Barber, and Monroe. He alleges only that these wardens failed to train and supervise their employees without providing any supportive facts. As discussed in the Memorandum and Recommendation filed August 9, 2013, there must be some personal involvement of these Defendants (D.E. 24). Moreover, for liability to attach on a failure to train and supervise claim, plaintiff must allege facts that would tend to establish (1) a supervisor failed to supervise or train; (2) causal link between the failure to train or supervise; and (3) the failure to train or supervise amounts to deliberate indifference.

*Estate of Davis v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005).  Plaintiff alleged no facts to support these elements.  Adding a claim of failure to train or supervise would be futile.

Second, Plaintiff seeks to join several John Doe Defendants, the participants in the use of force led by Defendant Sergeant Castillo.  Plaintiff failed to allege that these John Doe Defendants participated in the assault by Sgt. Castillo; instead he alleges for the first time that the John Does failed to protect him from the harm caused by Sgt. Castillo.  As discussed in the Memorandum and Recommendation (D.E. 24), Plaintiff offers no evidence that the John Does were aware that Sgt. Castillo would use excessive force (assuming for purposes of this motion that he did) or that they had time to intervene once the assault was in progress,  Moreover, as Sgt. Castillo was the ranking officer and the officer leading the use of force, the John Doe Defendants were subject to the judgment of Sgt. Castillo that the force used was necessary under the circumstances.  At most, according to the facts alleged by Plaintiff, these John Does were witnesses to an assault.  If Plaintiff develops evidence, during the course of discovery, that these defendants participated in the assault or failed to protect the Plaintiff, Plaintiff may seek to supplement the complaint at that time.  Adding the John Doe Defendants at this time would be futile.

Third, Plaintiff seeks to add Connally Unit Defendants who retaliated against him following his complaints and grievances.  The Connally Unit Defendants have already been transferred (D.E. 9) to the Western District of Texas.  During the evidentiary hearing, it was explained to Plaintiff that he must sue the Connally Unit Defendants in the

Western District of Texas because venue lay in the Western, not the Southern District of Texas. Amendment would be futile.

Accordingly, Plaintiff's motion (D.E. 27) is denied in all things.

ORDERED this 3rd day of September, 2013.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE