UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSEPH BARNARD HINES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-120 |
| | § | |
| CASTILLO, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING MEMORANDUM AND RECOMMENDATION
DISMISSING CERTAIN CLAIMS AND RETAINING CASE**

Pending before the Court is Plaintiff's Motion for Preliminary Injunction and/or Temporary Restraining Order. (D.E. 1). On August 9, 2013, United States Magistrate Judge B. Janice Ellington submitted a Memorandum and Recommendation addressing this matter. (D.E. 24). The Magistrate Judge recommends that Plaintiff's excessive force claim against Defendant Castillo be retained and all other claims against all other Defendants be dismissed. Petitioner timely filed his Objections on August 30, 2013. (D.E. 27-1, pp. 13-16).

In her Memorandum and Recommendation, the Magistrate Judge found that, except for the excessive force claim against Defendant Castillo, all of Plaintiff's claims were either frivolous or failed to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). Plaintiff reasserts each claim that the Magistrate Judge addressed in her Memorandum and Recommendation. The Objections are set out and discussed below.

First, Plaintiff objects to the recommendation to dismiss his claims against the McConnell unit wardens. Plaintiff argues the McConnell wardens are responsible for implementing unconstitutional policies that have caused Plaintiff harm—namely failing to

properly drill, train, and supervise their subordinates as well as take "corrective measures" against officers who commit assaults. (D.E. 27-1, p. 14).

Plaintiff's claims against the McConnell wardens must be dismissed because the allegations fail to meet the requirements of FED. R. CIV. P. 8. Under Rule 8(a), "[a] pleading that states a claim for relief must contain . . . a short plain statement of the claim showing that the pleader is entitled to relief." Rule 8 requires more than mere conclusions. *Aschroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The rule also requires the complaint to show "a reasonably founded hope that a plaintiff would be able to make a case." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (2007).

The argument that Plaintiff puts forth in his Objections is comprised of precisely the type of bald assertions and unsubstantiated conclusions that *Iqbal* and *Twombly* preclude. Plaintiff fails to plead any facts that would support his claim that the McConnell wardens' alleged failure to properly train, supervise, and correct their subordinates constitutes an unconstitutional policy. Instead, Plaintiff simply relies on formulaic language to state his claim, and that, without more, is insufficient to satisfy the threshold requirements supplied by the Federal Rules and Supreme Court precedent. Plaintiff's first objection is **OVERRULED**.

Second, Plaintiff objects to the recommendation to dismiss claims against the John Doe Defendants. Plaintiff claims that the John Doe Defendants failed to protect him in relation to the alleged assault by Defendant Castillo and knew that Defendant Castillo would assault Plaintiff because, he alleges, assaults by Defendant Castillo took place "consistently and overtime . . . ." (D.E. 27-1, p. 14).

A prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate violates the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 828 (1970) (citing *Helling v. McKinney*, 509 U.S. 25 (1993)). Deliberate indifference requires a showing that the official was subjectively aware of the risk. *Farmer*, 511 U.S. at 829.

Conclusory allegations are insufficient to state a cognizable claim under §1983. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (holding "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."). "[A plaintiff's] subjective belief that [a defendant] violated his civil rights, without more, is insufficient to maintain an action against them. *Morgan v. Barnett*, 2012 WL 1033507, at *2 (N.D. Tex. Mar. 22, 2012). In the absence of any proof, this Court is not required to assume that Plaintiff could or would prove the necessary facts to sustain his claim. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990)).

Plaintiff's claim against the John Doe Defendants must be dismissed because it fails to meet the minimum pleading standards. Again, Plaintiff pleads conclusions and speculation without sufficient factual support. Although prison officials can be held responsible for being deliberately indifferent to a serious risk of harm created by another official, to state a claim against the John Doe Defendants, Plaintiff would have to show that each Defendant actually knew that Defendant Castillo planned to enter Plaintiff's cell and assault him. It is not enough for Plaintiff to assert that the John Doe Defendants should have known that an assault was imminent based on conclusions they may have drawn from any previous assaults. Plaintiff, who admits that he was blinded by a flashlight during the alleged assault and did not see any

officers other than Defendant Castillo, (Case No. 2:13-cv-209, D.E. 1, p. 6), cannot state a claim for relief based merely on his subjective belief that the John Doe Defendants acted in a way that constitutes deliberate indifference in violation of the Eighth Amendment. Accordingly, Plaintiff's second objection is **OVERRULED**.

Third, Plaintiff urges that his retaliation claims should not be dismissed "because Plaintiff has and always will exercise his 8th amendment constitutional right to be free from assault, and his 1st amendment right to file a grievance and freedom of speech to speak with a supervisor." (D.E. 27-1, pp. 14-15). Plaintiff goes on to allege that "had it not been for the exercise of his constitutional rights defendant Castillo would not have assaulted him." (D.E. 27-1, p. 15).

As the Magistrate Judge observed, [t]o state a valid §1983 claim for retaliation "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of the right, (3) a retaliatory adverse act, and (4) causation. *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999) (citations omitted). In his complaint, Plaintiff unequivocally asserts that Defendant Castillo assaulted him for giving another officer "trouble." (Case No. 2:13-cv-209, D.E. 1, p. 6). As the Magistrate Judge explained, because Plaintiff has no constitutional right to assault a police officer, Defendant Castillo's actions could not have been motivated by a desire to hinder or deny Plaintiff any cognizable constitutional right. Therefore, the first and second prongs of the elements set forth in *Jones* are not met, and Plaintiff's retaliation claim must be dismissed. Plaintiff's third objection is **OVERRULED**.

Fourth, Plaintiff urges that "none of the defendants named are qualified immunity eligible." (D.E. 27-1, p. 15). The Memorandum and Recommendation does not recommend dismissal of Plaintiff's claims against the McConnell Wardens, the John Doe Defendants, or Defendant Castillo (with regard to the retaliation claim) on the basis of qualified immunity. The Memorandum and Recommendation only addresses immunity insofar as it recommends that claims for money damages against all Defendants in their official capacities be dismissed because such damages are barred by the Eleventh Amendment. Because qualified immunity is not addressed in the Memorandum and Recommendation and the Magistrate Judge correctly assessed the applicability of the Eleventh Amendment bar to monetary damages against individuals in their official capacities, Plaintiff's fourth objection is **OVERRULED**.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner's Objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Petitioner's Objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Plaintiff's Eighth Amendment excessive force claim against Defendant Castillo is **RETAINED** and all remaining claims against the remaining Defendants are **DISMISSED.**

ORDERED this 6th day of January, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE